416 So.2d 166 (1982)
The CECO CORPORATION
v.
R & M INDUSTRIES, INC., Robert P. Guilbault, and Michael C. Guilbault.
No. 12133.
Court of Appeal of Louisiana, Fourth Circuit.
May 11, 1982.
Rehearing Denied July 16, 1982.
John L. Hantel, New Orleans, for plaintiff-appellee.
Reed & Reed, Bruce G. Reed, New Orleans, for defendants-appellants.
Before GULOTTA, GARRISON and BARRY, JJ.
GARRISON, Judge.
This is an appeal from a judgment of the district court granting to plaintiff, the Ceco Corporation, the amount of $4,500.00, plus legal interest from date of judicial demand and costs. From that judgment, which we rescind, set aside and recast, defendants appeal.
On appeal, defendants, Robert and Michael Guilbaut, argue that the trial judge erred in piercing the corporate veil and rendering judgment against them personally instead of against the corporate entity, R & M Industries, Inc. (hereinafter, R & M). We agree.
The $4,500.00 debt arose from the sale on open account of aluminum doors and frames in 1974. Robert Guilbault, the father of Michael Guilbault, owned 60% of R & M and Michael Guilbault owned 40% until his resignation from the corporation in 1975-76. Thereafter, Robert Guilbault operated the corporation and was its sole shareholder until the assets of R & M were transferred to a new corporation, R. P. Guilbault Co., Inc. The new corporation issued checks in payment of the debt to plaintiff. There have been no allegations of fraud or deceit and the trial judge specifically found that no fraud or deceit has occurred. In his reasons for judgment, the trial judge stated:

*167 "... the conclusion is inescapable that the defendants operated the business as a `father and son', and not as a separate corporate entity. If the `cash flow' warranted it, the father paid himself a salary out of the business bank account. If not, he waited until the cash flow improved... However, the father also considered the possibility that the business might need additional `cash'. If he ... determined that new cash was needed, he (the father) merely drew funds out of his personal account and placed said funds in the business account ... he never called a stockholders meeting. No Board of Directors meeting was ever called. No minutes were kept. No corporate authority was granted for his actions. No policy was ever established governing personnel. The corporate entity took no action whatsoever, during its entire existence."
The factors listed by the trial judge are insufficient to allow the piercing of the corporate veil. Robert Guilbault, as President of the corporation, held certain inherent powers of the office of President. The president of a corporation who decides to forego a salary where drawing a salary might cause financial instability in the corporation is taking the proper action. Likewise, an interest free loan to a corporation is in the corporation's best interest, is not a perversion of corporate opportunity, and is not grounds for piercing the veil. While an annual shareholders meeting, board meeting and written minutes are required under the Louisiana Business Corporate Act, these factors alone, where there is a sole shareholder, and no fraud or deceit and where the corporation maintained separate checking accounts and separate books and records, are insufficient to allow piercing of the corporate veil to occur.
By issuing payment on its corporate account, R. P. Guilbault Co., Inc. has acknowledged the debt and assumed it in the nature of a stipulation pour autri. Accordingly, we find that this corporation should have been included in the judgment rendered below.
Proper demand was made pursuant to R.S. 9:2781 such that attorney's fees in the amount of 10%, or $450.00, should have been awarded.
For the reasons discussed, the judgment of the district court is rescinded, set aside and recast as follows:
IT IS ORDERED, ADJUDGED AND DECREED that there be and hereby is judgment herein in favor of the plaintiffs, The Ceco Corporation, and against the defendants, R & M Industries, Inc. and R. P. Guilbault Co., Inc., jointly, severally, and in solido in the full sum of Four Thousand Five Hundred and No/100 Dollars ($4,500.00), together with legal interest from the date of judicial demand until paid, attorney's fees in the amount of Four Hundred Fifty and No/100 Dollars ($450.00), and for all costs of these proceedings.
RESCINDED, SET ASIDE AND RECAST.