430 So.2d 143 (1983)
CAHN ELECTRIC APPLIANCE COMPANY, INC., Plaintiff-Appellant,
v.
Tom HARPER, Defendant-Appellee.
No. 15239-CA.
Court of Appeal of Louisiana, Second Circuit.
March 28, 1983.
*144 Freyer & Fox by Gary L. Fox, Shreveport, for plaintiff-appellant.
Fayard & Snell by A.R. Snell, Bossier City, for defendant-appellee.
Before PRICE, JASPER E. JONES and NORRIS, JJ.
NORRIS, Judge.
In this suit on open account, Cahn Electric Co., Inc., appeals a city court judgment rejecting its demand for judgment against Tom Harper for the purchase price of a microwave oven. We affirm.
Cahn Electric sued Tom Harper, individually, for $537 with interest, attorney's fees and costs. Attached to the original petition is an affidavit which attests that Tom Harper is indebted unto plaintiff for these amounts, a copy of a certified letter to Tom Harper and Harper Built, Inc., and a delivery ticket and a ledger card in the name of Harper Built, Inc. Unrepresented by an attorney, Harper filed a pleading entitled "Exception of No Right and No Cause of Action" which is properly construed as a general denial answer which further alleges that the original invoice was owed and billed to Harper Built, Inc., rather than Tom Harper. Tom Harper is the president and sole stockholder of Harper Built, Inc., a Louisiana corporation.
At the trial, Cahn Electric initially attempted to prove that the microwave oven was for the personal use and benefit of Tom Harper. However, Harper testified that it was purchased by the corporation for use in a home being built for sale. This was unrebutted. Cahn Electric subpoenaed all of the corporate records of Harper Built, Inc. Harper produced copies of the Articles of Incorporation, an Initial Report and Authority for the President to act but did not produce the minute book of the corporation because it was in the possession of attorney Graham Rogers, who could not be contacted in time to procure it for trial. Harper testified that the documents which he produced were to the best of his knowledge the only documents contained within the minute book. He further testified that the corporation was formed in 1980, its articles were properly recorded, its initial capitalization was in the amount of $40,000 with $20,000 being deposited in the corporate account, it maintained separate corporate accounts, there was no co-mingling of personal funds with the corporate funds and the corporation paid taxes. Harper additionally produced certain corporate banking records; however, none of these items was introduced into evidence. The only exhibit introduced was a copy of the invoice for the microwave oven in the name of Harper Built, Inc. and the only testimony came from the Secretary-Treasurer of Cahn Electric and Harper.
Without oral or written reasons for judgment, the trial court rejected Cahn Electric's demand and awarded judgment in favor of Harper. Cahn Electric Appeals contending that the trial court should have found that the corporate veil was pierced thereby rendering Harper personally liable for the debt.[1]
It is a well established legal principle that a corporation is a distinct legal entity, separate from the individuals who comprise it. La.C.C. Arts. 435; 437; La. R.S. 12:93. The law specifically authorizes *145 the establishment of a corporation by a sole stockholder and individuals are specifically authorized to assume only limited liability by setting up a minimally capitalized corporation. Abraham v. Lake Forest, Inc., 377 So.2d 465 (La.App. 4th Cir.1979). However, in a few limited situations, a litigant can reach an individual shareholder by "piercing the corporate veil," thereby rendering the individual liable for the debts incurred by the corporation. Liberto v. Villard, 386 So.2d 930 (La.App. 3d Cir.1980). The doctrine may be imposed even in the absence of fraud where there has been a disregard of the corporate entity to such an extent that the corporation is indistinguishable from the shareholders. Smith Hearron v. Frazier, Inc., 352 So.2d 263 (La.App. 2d Cir.1977). However, when fraud or deceit is absent, other circumstances must be so strong as to clearly indicate that the corporation and shareholder operated as one. Kingsman Enterprises, Inc. v. Bakerfield Electric Company, Inc., 339 So.2d 1280 (La.App. 1st Cir.1976). Thus, it is clear that in Louisiana the concept of the corporation is felt to be beneficial and is disregarded only in exceptional circumstances. Liberto v. Villard, supra; Kingsman Enterprises v. Bakerfield Electric Co., supra.
In Smith Hearron v. Frazier, Inc., supra, we listed the circumstances which justify the imposition of the doctrine:
(1) Co-mingling of corporate and shareholder funds;
(2) Failure to follow statutory formalities required for incorporation and for the transaction of corporate affairs;
(3) Undercapitalization; and
(4) Failure to hold regular shareholder or directors meetings.
We further stated that whether the doctrine is to be imposed is determined by the totality of the circumstances and is primarily a factual finding best made by the trial court.
Although the trial court did not render reasons for judgment, it is obvious that it rejected the attempt by Cahn Electric to pierce the corporate veil and found no legal basis to hold Harper liable for this debt. The circumstances presented support this determination and reveal no manifest error in the ruling. Clearly, Cahn Electric had the heavy burden of producing clear and convincing evidence to show that Harper was the "alter ego" of Harper Built, Inc. The only evidence produced regarding the relationship between Harper and his corporation was the testimony of Harper, which was unrebutted and uncontradicted. His testimony preponderates to show an absence of all of the circumstances set forth in Smith Hearron v. Frazier, Inc., supra.
Accordingly, the judgment of the trial court rejecting the demands of Cahn Electric, Inc. is affirmed at plaintiff's costs.
JUDGMENT AFFIRMED.
NOTES
[1] Although the original petition filed does not allege any relationship between Tom Harper and Harper Built, Inc. and does not allege a factual basis for the piercing of the corporate veil, evidence in regard to this basis for imposing liability upon Harper was introduced at trial without objection. Therefore, we consider the pleadings to have been expanded by the testimony sufficiently to consider plaintiff's argument.