452 So.2d 793 (1984)
Peter S. GIUFFRIA
v.
RED RIVER BARGE LINES, INC. and Elevating Boats, Inc.
No. CA 1640.
Court of Appeal of Louisiana, Fourth Circuit.
June 12, 1984.
Writ Denied October 12, 1984.
Julian G. Baudier, Jr., Roberts, Katz and Baudier, New Orleans, for plaintiff-appellee.
Roy A. Raspanti, New Orleans, for defendant-appellant.
Mark C. Surprenant, Adams & Reese, New Orleans, for appellant and cross-appellee.
Before GARRISON, AUGUSTINE and BYRNES, JJ.
*794 GARRISON, Judge.
Plaintiff, Peter Giuffria, was involved in a vehicular collision when the van driven by him was hit from behind by a truck operated by Warren Davis and owned by Red River Barge Lines, Inc. At the time of the accident, Davis was an employee of Red River Barge Lines, Inc. and was acting within the course and scope of his employment. Giuffria filed a tort suit against Red River Barge Lines, Inc. and Elevating Boats, Inc. for injuries sustained in the accident. Elevating Boats was named as a defendant because it was the parent company of Red River at the time of the accident.[1]
Plaintiff subsequently filed a supplemental and amending petition in which Pennsylvania General Insurance Company was named as an additional defendant. Pennsylvania General is the plaintiff's uninsured motorist carrier and was named as a defendant due to plaintiff's belief at the time that neither Davis nor Red River had liability insurance.
Pennsylvania General filed an answer and third party demand in which it named Davis and Red River as third party defendants. The third party demand prayed for indemnification by the third party defendants in the event of a judgment against Pennsylvania General. Pennsylvania General then filed a supplemental and amended third party demand in which Elevating Boats, Inc. was also named as a third party defendant. Elevating was named as a defendant due to the fact that it owned a majority (72%) of the stock of Red River Barge Lines, Inc. Pennsylvania General's position was that these two corporations were essentially the same and that the court should "pierce the corporate veil" and hold Elevating responsible for the debts and obligations of Red River.
At trial, defendant, Pennsylvania General, made a motion for a directed verdict at the close of plaintiff's case in which it claimed that plaintiff had not met his burden of proving that both the owner of the vehicle, Red River, and the operator of the vehicle, Warren Davis, were uninsured at the time of the accident as required by R.S. 22:1406(D)(6) and that, therefore, Pennsylvania General should be dismissed. The trial judge denied this motion. Defendant, Elevating Boats, also made a motion for directed verdict which was granted as to the main demand but not as to the third party demand.
The jury found that the plaintiff suffered damages of $25,000 but that the plaintiff's negligence constituted 40% of the total damages. Therefore, an award of $15,000 was recommended by the jury. The jury also found that the corporate veil should be pierced and that Elevating should be held liable for Red River's debts and obligations.
Judge Richard Garvey entered judgment in favor of the plaintiff and against Pennsylvania General in the amount of $10,000.00 and against Red River Barge Lines, Inc. in the amount of $15,000.00, less the amount collected from Pennsylvania General. On the third party demand, judgment was entered in favor of Pennsylvania General and against Red River Barge Lines, Inc. and Elevating Boats, Inc., in solido, in the amount of $10,000.00.
On appeal, appellants Red River Barge Lines, Inc. and Elevating Boats, Inc. argue that:
1. the trial court erred in finding that Elevating Boats, Inc. was the alter ego of Red River Barge Lines, Inc.;
2. the trial court erred in not dismissing Pennsylvania General Insurance Company; and
3. the trial court erred in finding that the plaintiff, Peter Giuffria, suffered damages in the amount of $25,000.00.
Appellant, Pennsylvania General, argues that:
1. the trial court erred in entering judgment against Pennsylvania General after plaintiff won a judgment against a defendant which is solidarily liable with an insured defendant;

*795 2. the trial judge erred as a matter of law in denying Pennsylvania General's motion for a directed verdict; and
3. damages awarded to the plaintiff are excessive.
As for the finding that Elevating Boats was the alter ego of Red River, testimony at trial established the facts that:
1. Elevating owned 72% of Red River's stock.
2. Both companies had the same president.
3. No corporate minutes were taken and no corporate meetings were held for Red River after March, 1980.
4. No corporate tax returns for Red River were filed in 1981.
5. Elevating made over $200,000 in loans to Red River.
6. The president of Elevating worked as president of Red River for no salary.
Cases dealing with piercing the corporate veil allow shareholders to be held personally liable for corporate debts by looking at the totality of the circumstances to determine if there was fraud or deceit, commingling of funds, failure to follow statutory formalities, undercapitalization, failure to provide separate bank accounts and bookkeeping records, and failure to hold regular meetings. Kingsman Enterprises, Inc. v. Bakerfield Electric Company, 339 So.2d 1280 (La.App. 1st Cir.1976). Defendants Red River and Elevating cite the case of Ceco Corporation v. R & M Industries, Inc., 416 So.2d 166 (La.App. 4th Cir.1982), modified on other grounds and writ denied, 425 So.2d 709 (La.1982), as authority for not piercing the corporate veil in the instant case. In Ceco, the court found that the facts that the president of the corporation did not collect a salary, that the president made interest free loans to the corporation, that no meetings were held and no minutes were kept were insufficient to pierce the corporate veil where there was a sole shareholder who would otherwise be held personally liable. The instant case is distinguishable in that the corporate veil was pierced so that the parent company would be held responsible for the torts of its subsidiary. No individual shareholders are incurring personal liability in this case. Due to the totality of the circumstances, we feel that the trial judge was correct in piercing the corporate veil in this case and in holding Elevating responsible to Pennsylvania General for the torts of Red River.
All three defendants argue that the trial court erred in not dismissing Pennsylvania General, the uninsured motorist carrier, in light of the fact that the plaintiff received a judgment against an uninsured defendant, Red River, who is solidarily liable with an insured defendant, Elevating Boats. However, the plaintiff only received a judgment against the uninsured defendant, Red River, and against the uninsured motorist carrier, Pennsylvania General. Because Elevating Boats was dismissed by directed verdict on the main demand, plaintiff did not recover from Elevating and, therefore, the statement by the defendants that the plaintiff recovered from an uninsured defendant, Red River, who is solidarily liable with an insured defendant, Elevating Boats, is completely inaccurate. The judgment casting Red River and Elevating solidarily liable is only in favor of Pennsylvania General on the third party demand. Therefore, the uninsured motorist coverage is applicable in this case and Pennsylvania General is liable to the plaintiff on the main demand.
Appellant, Pennsylvania General, appeals the denial of its motion for a directed verdict. This court has stated in the case of Adams v. Pourciau, 417 So.2d 860 (La.App. 4th Cir.1982), writ denied 422 So.2d 157 (La.1982), that the denial of a directed verdict is not an appealable issue, but rather is an interlocutory order.
The final issue which is appealed by all defendants is the quantum of damages awarded to the plaintiff. The trial court awarded $25,000 in damages to the plaintiff but this amount was reduced to $15,000 because of a finding that plaintiff was 40% contributorily negligent.
*796 In the vehicular collision, plaintiff sustained soft tissue injuries to the neck and back. This condition caused plaintiff severe pain for approximately three months and he continued to experience discomfort for several months thereafter. He received treatment for his condition three days a week for three months following the accident. This condition has also limited plaintiff's activities in that he can no longer lift weights and he cannot hold his arm at a certain angle without a resulting burning sensation in his neck. Dr. Pierre Espenan, who examined the plaintiff on the day of the accident, testified that plaintiff's injuries were moderately severe and that it was his opinion that plaintiff needed further medical treatment. The plaintiff's van also received considerable damage in the accident.
Before a Court of Appeal can disturb an award made by a trial court, the record must clearly reveal that the trier of fact abused its discretion in making its award. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976). While this award may be high and is more than requested by the plaintiff in his petition, it was not an abuse of the trial judge's discretion.
For the reasons discussed above, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] Red River Barge Lines, Inc. is no longer in existence.