501 So.2d 987 (1987)
John B. HILL, M.D., Plaintiff-Appellee,
v.
DOCTORS PARK OF MINDEN, INC., et al., Defendants-Appellants.
DOCTORS PARK OF MINDEN, INC., et al., Plaintiffs-Appellants,
v.
John B. HILL, M.D., Defendant-Appellee.
Nos. 18334-CA, 18335-CA.
Court of Appeal of Louisiana, Second Circuit.
January 21, 1987.
*988 Cook, Yancey, King & Galloway by Jerald R. Harper, Shreveport, for W. Duane Cloud, Gerald E. Huggs and Thomas J. Wyatt.
Kitchens, Benton, Kitchens & Warren by John B. Benton, Jr., S. Michael Adcock, Minden, for John B. Hill, M.D.
Before JASPER E. JONES, FRED W. JONES, Jr. and SEXTON, JJ.
SEXTON, Judge.
Doctors Park of Minden, Inc. and the officers of this corporation appeal from a single judgment rendered in two cases consolidated for trial. That judgment recognized Dr. John B. Hill as the owner of a twenty year verbal lease from the corporation on a building which he had been occupying as his office. The judgment also rejected the eviction demands originally brought against Dr. Hill by the corporation and subsequently joined by the corporation's vendee, W. Duane Cloud, who was also an officer of the corporation. For the reasons expressed herein, we reverse the judgment of the trial court.
The corporation was organized in 1969 by Dr. Hill, Dr. Charles D. Hancock, Jr. and Mr. Cloud for the purpose of acquiring a lot and building where the two doctors could obtain office space for their medical practices. Each of the organizers owned one-third of the corporation.
The present location was purchased, a building was erected, and the doctors began occupying the premises May 1, 1970.
In 1984, the three owners of the corporation experienced serious conflicts over the operation of the corporation and the occupancy of the premises. Mr. Cloud called a board meeting in August, 1984, however, the doctors were unable to resolve their differences. As a result, Dr. Hancock sold his stock in the corporation to Mr. Cloud on May 14, 1985, at which time he resigned his position as secretary and director of the corporation. Shortly thereafter, a new board was elected. This board is composed of Mr. Cloud, Thomas J. Wyatt and Gerald E. Huggs.
The new board voted to terminate the leases of Drs. Hill and Hancock and sent notices to vacate to the doctors on or about June 19, 1985. Dr. Hill filed suit on June 27, 1985, seeking to be maintained in peaceful possession of the premises under an alleged twenty year lease. That same day, Dr. Hill caused a Notice of Lis Pendens to be filed in the public records of Webster Parish. Doctors Park filed suit on July 3, 1985, to evict Dr. Hill. Mr. Cloud entered the suit to evict Dr. Hill on July 17, 1985, alleging he had purchased the subject property from Doctors Park on June 28, 1985.
At trial Dr. Hill testified that he had entered into a twenty year lease with Doctors Park and offered into evidence an unsigned *989 copy of that lease. While Dr. Hancock and Mr. Cloud conceded that a written lease was prepared, they denied that it was ever executed. No written leases between the corporation and either of the doctors could be found.
The trial court found that a valid verbal lease with a primary term of twenty years exists between Dr. Hill and the corporation. Furthermore, the trial court found that Mr. Duane Cloud, the current owner of the property, purchased the property subject to the twenty year lease. In its reasons for judgment, the court stated that while it accepted Dr. Hill's statement that he believed the lease was signed, the court did not believe the evidence established that the written leases were actually executed.
The corporate entity, Doctors Park, and the individual officers thereof have appealed setting out six assignments of error. In these assignments, the plaintiffs basically contend that the trial court erred in finding that a lease, specifically an oral lease, existed between the corporation and Dr. Hill, and that the trial court further erred in giving effect to that lease against the individual purchaser, Mr. Cloud. Because we find merit in the latter contention, it is unnecessary that we address the appellants' initial contention regarding the existence of the lease or Dr. Hill's answer to the appeal which seeks to have an option to renew added to the terms of the oral lease found by the trial court.
Thus, we focus on the rejection by the trial court of appellants' reliance on the public records doctrine.
However, the notice of Lis Pendens and the fact that Mr. Cloud, an officer in the corporation who played an active role in all the transactions, and is not actually a third party to the lease, operates to mitigate this argument.
We must respectfully disagree with the trial court. It is a well-established principle that a corporation is a distinct legal entity, separate from those individuals who comprise it. Cahn Electric Appliance Company, Inc. v. Harper, 430 So.2d 143, 144 (La.App. 2d Cir.1983); LSA-C.C. Art. 435. There has been no attack on the corporate veil of Doctors Park or on the sale of the property in question by that corporation to Mr. Cloud. Thus, Mr. Cloud must be treated as a third party to the lease between Doctors Park and Dr. Hill.
In order for a lease agreement to be binding on third parties such as Mr. Cloud, the lease itself must be recorded or the purchaser must intend to purchase the property subject to the unrecorded lease. Simple knowledge by a purchaser that an unrecorded lease burdens an immovable is insufficient to support a conclusion that the purchaser intends to buy the property "subject to" the lease. Knowles v. Wholesale Electronic Supply of Shreveport, Inc., 388 So.2d 426 (La.App. 2d Cir.1980). As we have indicated, there is obviously no recorded lease between Dr. Hill and Doctors Park. Thus, assuming the existence of a verbal lease as found by the trial court, or even a written unrecorded lease as the plaintiff initially contended, the plaintiff-appellee can only prevail if Mr. Cloud intended to purchase the property subject to any unrecorded lease.
In Knowles v. Wholesale Electronic Supply of Shreveport, Inc., supra, the district court found, and the Court of Appeal agreed that the sellers intended to sell the property subject to the unrecorded written lease in that the purchaser had knowledge of that lease. While it was apparent that the sellers intended the lease to burden the purchase and there were discussions concerning the lease during the course of the sale, this court determined that where the lease is not recorded, it must be shown that the purchaser specifically intended to buy the property subject to the lease.
In the instant case, the act of sale contained no mention of the twenty year lease. In fact, the record reveals that there was no signed or recorded instrument indicating that Mr. Cloud intended to buy the property subject to the lease. Moreover, the record does not establish that Mr. Cloud and the sellers even entered into a *990 verbal agreement to purchase the property subject to the lease.
We therefore conclude that there was no express or implied agreement between the purchaser and seller to purchase the property subject to Dr. Hill's twenty year lease. Mr. Cloud purchased the property free and clear of any lease of Dr. Hill.
Moreover, Dr. Hill's act of filing of a notice of lis pendens prior to the sale of the property from the corporation to Mr. Cloud is of no consequence. By definition, lis pendens is only effective with respect to title actions or actions involving privileges on the property at issue. LSA-C.C.P. Art. 3751. Moreover, the reference to an unrecorded lease in the public records by virtue of a notice of lis pendens does not operate to render notice of that lease to third persons. Judice-Henry-May Agency, Inc. v. Franklin, 376 So.2d 991 (La.App. 1st Cir. 1979), writ denied 381 So.2d 508 (La.1980); Roemer v. Caplis, 369 So.2d 1186 (La.App. 2d Cir.1979), writ denied 371 So.2d 620 (La. 1979).
In short, the public records doctrine is fatal to the position of the appellee. A third purchaser of property is unaffected by an unrecorded lease of that property unless it is shown that the purchaser specifically intended to take the property subject to that lease. Moreover, the filing of a notice of lis pendens will not substitute for the recording of the lease.
In view of the foregoing, it is unnecessary that we consider whether the trial court erred in finding the existence of a verbal lease. In fact, the result would be the same even if a written lease existed. Likewise, it is unnecessary that we address appellee's answer seeking to expand the asserted oral lease.
Accordingly, the trial court judgment maintaining Dr. Hill in "peaceful possession" of the premises at issue under the terms of a verbal lease must be reversed. Likewise, it will be necessary to reverse the trial court judgment which declined to evict Dr. Hill in the consolidated case.

DECREE
It is therefore ordered, adjudged and decreed that the judgment of the trial court rendered in Suit No. 44,308 of the records of Webster Parish, Louisiana, be and is hereby reversed, and that there be judgment therein rejecting the demands of the plaintiff.
It is further ordered, adjudged and decreed that the judgment of the trial court rendered in Suit No. 44,326 of the records of Webster Parish, Louisiana, be and is hereby reversed, and that there be judgment therein in favor of the plaintiff, W. Duane Cloud, and against the defendant, Dr. John B. Hill, ordering that the rule for eviction be made absolute and, accordingly, the defendant, Dr. John B. Hill, is ordered to vacate the premises, 1114 Homer Road, Minden, Louisiana, within twenty-four (24) hours of the finality of this judgment.
All costs of these proceedings are to be born by Dr. John B. Hill.
REVERSED AND RENDERED.