569 So.2d 992 (1990)
SEA TANG FISHERIES, INC.
v.
YOU'LL SEE SEA FOODS, INC., Herman C. Rivere, William C. Hayward, Jr., Asa Paul Dubois and Aline Daigle.
No. CA 89 0398.
Court of Appeal of Louisiana, First Circuit.
August 17, 1990.
Rehearing Denied October 25, 1990.
Writ Denied January 11, 1991.
*993 William A. Porteous, New Orleans, for plaintiff and appelleeSea Tang Fisheries, Inc.
Maurice P. Mathieu, Houma, for defendant in reconvention.
Robert B. Butler, III, Houma, for defendant and appelleeState Farm Fire & Cas. Co.
Joseph J. Piccione, Lafayette, James S. Halliday, Jr., Baton Rouge, for defendants and appellantsYou'll See Sea Foods, Inc., et al.
Before CARTER, CRAIN and ALFORD, JJ.
CRAIN, Judge.
This is a suit on an open account by plaintiff, Sea Tang Fisheries, Inc., against You'll See Sea Foods, Inc. (You'll See), and its four shareholders, William C. Hayward, Jr., Herman G. Rivere, Aline Daigle and Asa Paul Dubois. Defendants, with the exception of Asa Dubois, initially filed a declinatory exception of lack of venue, which the trial court overruled. Thereafter, defendants answered the petition reserving their right to appeal the overruling of the exception and You'll See and William Hayward filed a reconventional demand against Sea Tang seeking damages for slander, wrongful seizure and unfair trade practices.[1] In addition, at trial, plaintiff filed a peremptory exception urging prescription barred the claims in the reconventional demand.
After the trial on the merits, in which issue was not joined as to defendant, Asa Dubois, the trial court rendered judgment on the open account debt against You'll See. The trial court also pierced the corporate *994 veil of You'll See to hold William Hayward personally liable on the open account debt. It dismissed the suit as to defendants Herman Rivere and Aline Daigle, as individuals, as well as the reconventional demand.
From the trial court's judgment, defendants, You'll See and William Hayward, have appealed, asserting three assignments of error. They are:
1. The trial court erred in failing to sustain defendants' declinatory exception pleading lack of jurisdiction over certain defendants, claiming improper venue, and in failing to dismiss plaintiff's suit or transfer the same to assumption [sic] parish for trial and/or decision.
2. The trial court erred in failing to follow the preponderance of the evidence which showed no significant reason or justification for piercing the corporate veil of You'll See Seafoods, Inc. and holding William C. Hayward, Jr. Personally [sic] liable for a corporate debt.
3. The trial court erred in dismissing defendants' reconventional demand and failing to allow defendants relief prayed for; [sic] and/or in failing to apply the provisions of Article 424, Louisiana Code of Civil Procedure, allowing defendants' causes of action asserted in their reconventional demand to be used as a defense against plaintiff's suit.

ASSIGNMENT OF ERROR NUMBER ONE
The general rules of venue in Louisiana are set out in Article 42 of the Code of Civil Procedure. It states in pertinent part:
The general rules of venue are that an action against:
(1) An individual who is domiciled in the state shall be brought in the parish of his domicile; or if he resides but is not domiciled in the state, in the parish of his residence;
(2) A domestic corporation, or a domestic insurer, shall be brought in the parish where its registered office is located;
Article 43 states that the general rules are subject to the exceptions provided in Articles 71 through 85 and as otherwise provided by law. Article 73 at the time in question provided:
Art. 73. Action against joint or solidary obligors
An action against joint or solidary obligors may be brought in any parish of proper venue, under Article 42, as to any obligor who is made a defendant.
If the action against this defendant is compromised prior to judgment, or dismissed after a trial on the merits, the venue shall remain proper as to the other defendants, unless the joinder was made for the sole purpose of establishing venue as to the other defendants.
The sole defendant domiciled in Terrebonne Parish is Asa Dubois. Defendants, William C. Hayward, Jr., Aline Daigle and You'll See Sea Foods, Inc. are domiciled in Assumption Parish and defendant, Herman G. Rivere, is domiciled in Iberville Parish. The trial court, in its judgment on the exception of lack of venue, did not consider the merits of the case, but found that if the plaintiff was successful in piercing the corporate veil that the liability of the defendants would be in solido. The court then found venue proper as to all defendants based on LSA-C.C.P. art. 73. After the trial on the merits, the trial court pierced the corporate veil only as to William Hayward.
Defendant, exceptors, argue that LSA-C. C.P. art. 73(B) applies to the present case. They claim their joinder with Asa Dubois was made for the sole purpose of establishing venue in Terrebone Parish and that therefore venue is not proper.
The fact that the trial court, at the trial on the merits, did not find solidary liability between the defendants does not make venue improper. Once venue was determined proper on the allegations and findings of fact developed at the trial of the exception of improper venue, venue did not become improper by reason of a subsequent establishment of different findings of fact. Reeves v. Dixie Brick, Inc., 403 So.2d 792 (La.App. 2d Cir.1981).
*995 We do not have, in the record before us, a copy of the transcript of the hearing on the exception or any other evidence or argument considered by the trial court at the hearing. We will not consider any argument relating to events occurring subsequent to the hearing.
When a record lacks a transcript, the inadequacy of the record is imputable to the appellant. In cases where factual issues are involved (such as whether or not Art. 73 venue is proper) and the record contains no transcript, narrative of fact or other evidence, an appellate court will apply the presumption that the trial court's judgment is supported by competent evidence. Brousseau v. Tucker, 479 So.2d 446 (La.App. 1st Cir.1985), writ not considered, 481 So.2d 1329 (La.1986). We therefore presume the trial court was correct in overruling defendant's exception of improper venue and find no error was committed.

ASSIGNMENT OF ERROR NUMBER TWO
Appellants contend the evidence adduced at trial was no sufficient to pierce the corporate veil as to William Hayward.
When a party seeks to pierce the corporate veil, the situation must be viewed with regard to the totality of the circumstances in each case. Because Louisiana considers the concept of the corporation beneficial, the principle that the corporation is a separate entity should be disregarded only in exceptional circumstances.
Louisiana courts have listed circumstances which justify the imposition of the doctrine as follows:
(1) Commingling of corporate and shareholder funds;
(2) Failure to follow statutory formalities required for incorporation and for the transaction of corporate affairs;
(3) Undercapitalization;
(4) Failure to provide separate bank accounts and bookkeeping records; and
(5) Failure to hold regular shareholder or director meetings. (Citations omitted).
Harris v. Best of America, Inc., 466 So.2d 1309, 1315 (La.App. 1st Cir.) writ denied, 470 So.2d 121 (La.1985).
The trial court, in its written reasons for judgment on the merits, stated the following regarding piercing the veil of You'll See Sea Foods, Inc. as to William Hayward:
This brings us to what the Court considers to be the core issue in the entire case, that is, the attempt to pierce the corporate veil against the stockholders of You'll See Sea Foods, Inc.
With regard to Herman Riviere [sic] and Aline Daigle, their interest in the corporation was small, and they were not involved in day-to-day affairs of the corporation. The Court finds the evidence simply insufficient to pierce the corporate veil as to them.
Mr. Hayward, on the other hand, was You'll See Sea Food. The corporation was undercapitalized. Mr. Hayward continuously advanced money to the corporation. Mr. Hayward was the major stockholder in the corporation. He was its chief executive officer, chairman of the board and president. The debts of Mr. Hayward were paid by the corporation in preference to the corporation's other creditors. The Court is satisfied that the corporation was the alter ego of Mr. Hayward. Therefore, the Court will pierce the corporate veil and render judgment against Mr. Hayward personally.
Plaintiff in its appellate brief contends the formation of the corporation, the undercapitalization, the diversion of funds for personal use, the keeping of multiple sets of books, the slippage of cash, the failure to hold corporate meetings, the preferential treatment accorded Mr. Hayward as opposed to general creditors of the corporation and the general perception of the corporation as being Mr. Hayward show that the corporation was the alter ego of Mr. Hayward.
Mr. Hayward, personally, and later doing business as Hayward Food Products, delivered seafood to restaurants in southern Louisiana. During this time he began a business relationship with Sea Tang, a seafood *996 processing corporation. Mr. Hayward bought substantial amounts of seafood from Sea Tang to deliver to his customers. Following the formation of You'll See, in December of 1982, the corporation continued the relationship with Sea Tang.
You'll See had four shareholders. Mr. Hayward owned 75% of the corporation and contributed $750.00 to paid-in capital. Asa Dubois owned 15% and contributed $150.00 to paid-in capital. Aline Daigle and Herman Rivere each owned 5% and each contributed $50.00 to paid-in capital. In addition to its paid-in capital, the corporation was loaned approximately $31,000.00 in inventory from Hayward Food Products and it received a personal loan of $10,000.00 from Mr. Hayward to begin business.
You'll See was duly incorporated and qualified to do business on December 8, 1982.[2] From the time it was incorporated through 1987, the record shows by exhibit, minutes of six shareholder and five board of director meetings. We cannot say that these are an insufficient number of meetings which justify piercing the corporate veil.
Plaintiff's contention that corporate funds were diverted for Mr. Hayward's personal use apparently refers to the corporation paying the utilities at Mr. Hayward's residence. The record reflects, at a stockholder's meeting held on December 28, 1982, the stockholders voted in favor of this action, as Mr. Hayward's residence was to be used as the corporation's base of operations and Aline Daigle was to monitor the refrigerator trucks and assist in receiving merchandise for the corporation from the base at Mr. Hayward's residence. We therefore do not consider this to be a factor which weighs in favor of disregarding the corporate entity.
Plaintiff also contends the keeping of multiple sets of corporate books and the slippage of cash militate in favor of piercing the corporate veil. Specifically, plaintiff points out that the general ledger and journal do not contain the same figures as a "sales and payment" book kept by the corporation. Testimony by the corporation's bookkeeper, Herman Rivere, showed the ledger and journal were prepared using the bank statements of the corporation. He also testified the "sales and payment" book, which indicated cash sales in amounts greater than that which were indicated in the ledger and journal, was compiled using certain documents not used in compiling the journal and ledger. The "road reports" of drivers, indicating their expenses on the road and purchases of seafood on the road with cash, were accounted for in the "sales and payment" books but not in the ledger and journal. These road reports account for the majority of the difference in cash deposited and cash sales reported. We are satisfied this testimony refutes the argument that these are factors which should be used to pierce the corporate veil of You'll See.
The trial court found that Mr. Hayward continuously advanced money to the corporation. Interest free loans to the corporation are in the corporation's best interest, are not a perversion of corporate opportunity and are not a ground for piercing the veil. Ceco Corp. v. R & M Industries, Inc., 416 So.2d 166 (La.App. 4th Cir.1982), amended, 425 So.2d 709 (La.1982).
It also found You'll See was undercapitalized. The corporation's paid-in capital totalled $1,000.00. For the year ending in December of 1983, You'll See's sales totalled $2,144,872.48. The corporation's net loss for the year was $28,498.56. These figures are garnered from a recapitulation of operating statements prepared by You'll See's bookkeeper.
The law specifically authorizes the establishment of a corporation by a sole stockholder or small number of stockholders, *997 and individuals are specifically authorized to assume only limited liability by setting up a minimally capitalized corporation. Harris, 466 So.2d at 1316. Furthermore, the consideration received upon initial issuance of these shares was apparently allocated to stated capital.
The final argument made by the plaintiff in its attempt to pierce the veil of You'll See, which was also a factor cited by the trial court in its reasons for piercing the veil of You'll See, is that the debts of Mr. Hayward were paid by the corporation in preference to the corporation's other creditors. No evidence was brought out at trial to the effect that Mr. Hayward was paid in preference to general creditors except as to the debt owed Sea Tang. Plaintiff cites Abraham v. Lake Forest, Inc., 377 So.2d 465 (La.App. 4th Cir.1979), writs denied, 380 So.2d 99, 380 So.2d 100 (La. 1980), as supporting its argument as to this factor. Abraham, as it relates to this factor, holds that, "concerns for fairness on the part of officers, directors or dominant stockholders do not preclude them from becoming bona fide creditors of the corporation, but corporate transactions with them are subject to close scrutiny. But when a payment is made by the corporation on account of a valid debt due an officer or director at a time when the corporation is insolvent it is considered an invalid payment". Abraham, 377 So.2d at 471.
We find plaintiff did not prove that the payments to Mr. Hayward were made at a time when the corporation, You'll See, was insolvent. Therefore, Abraham is not applicable to these facts and we do not consider You'll See's partial repayment of Mr. Hayward's loans, as a factor justifying a piercing of the veil in this case.
The record shows loans were made by Mr. Hayward to the corporation from its inception until as recently as August of 1987. The partial repayment of these loans began in 1983. The bulk of the payments to Mr. Hayward were made in 1984. In addition, two payments were made to Mr. Hayward in 1986. However, the record does not indicate when, or if, the corporation became insolvent before the last payment was made to Mr. Hayward. We note that the corporation's balance owed to Mr. Hayward at trial was approximately $60,000.00.
After reviewing the entire record before us, the totality of facts pointed out by plaintiff fails to justify the contravention of the rule of shareholder non-liability for corporation debts, and the trial judge erred in piercing the corporate veil and in holding Mr. Hayward liable with You'll See for the debt on open account.

ASSIGNMENT OF ERROR NUMBER THREE
Appellants contend, in their third and final assignment of error, that the trial court erred in dismissing their reconventional demand and/or in failing to allow the causes of action alleged therein to be used as defenses to the main demand. Appellants, You'll See and Mr. Hayward alleged Sea Tang committed slander, wrongful seizure and unfair trade practices.
The trial court, in its written reasons for judgment stated the following in regards to dismissing the reconventional demand:
Plaintiff sold shrimp on open account to You'll See Sea Foods, Inc., in October and November, 1983, as they had done many times in the past. The shrimp were actually delivered to the defendant. These two facts are undisputed. The defendant paid for these purchases with a check which was returned to plaintiff by the bank due to insufficient funds in the defendant's account to cover the amount of the check.
It is at this point that the intrigue begins. According to the defendants the plaintiff, together with Asa Dubois, embarked upon a complex undertaking of subterfuge and deceit in an attempt to drive the defendant out of business and co-opt his territory for their own pecuniary aggrandizement.
Despite the veils which the defendants have wrapped this case in, one simple fact remains. To this day plaintiff has never been paid for the shrimp which *998 were delivered to the defendant. This amount totalled $178,209.87.
Defendant routinely had shrimp which it had purchased stored at the plaintiff's facilities. The events of November 15, 1983 are shrouded in more mystery than all the other facts of this case. The only facts which the parties agree on is that plaintiff issued a credit totaling $91,235.00 to the defendant in exchange for shrimp belonging to the defendant but being stored at the plaintiff's facilities.
The Court is satisfied that plaintiff had authority to make this transaction. The Court accepts the testimony of Mrs. Benoit that Mr. Hayward authorized the exchange. But even if he did not there is no question that Asa Dubois did, as both he and Mrs. Benoit agreed on this point in their testimony. Mr. Dubois had exercised similar authority in past dealings between the parties and was certainly clothed with the garb of apparent authority.
Although Mr. Hayward insisted that he had fired Mr. Dubois prior to November 15th, a fact denied by Mr. Dubois, it is undisputed that such fact, if true, was never communicated to plaintiff.
Therefore, the Court is satisfied that no misappropriation took place and that defendant was properly credited for the shrimp which was transferred to plaintiff.
* * * * * *
Defendant presented only two witnesses on its defamation claim. The testimony of these two witnesses established that all statements made by Mrs. Benoit or Mr. Scott were made in November 1983, and therefore these claims have prescribed. Additionally, these witnesses were only told the defendant had given plaintiff a bad check and not made good on it. These facts have been established by the evidence in this case. Therefore, the Court is satisfied that even if the matter had not prescribed the defendant has failed to prove any falsity in the statements attributable to plaintiff.
Defendant has also failed to prove any unfair trade practices on the part of plaintiff.
After a thorough review of the record, we hold the trial court was not manifestly erroneous in dismissing the reconventional demand. As the causes of action asserted in the reconventional demand have no merit, we will not address the applicability of LSA-C.C.P. art. 424 to the reconventional demand.

DECREE
For the above and foregoing reasons, that portion of the trial court's judgment piercing the corporate veil and casting William C. Hayward, Jr. personally liable is reversed; in all other respects the judgment of the trial court is affirmed. Costs are to be equally divided between plaintiff and defendant, You'll See Sea Foods, Inc.
AFFIRMED IN PART; REVERSED IN PART.
NOTES
[1] A third party demand was filed by Sea Tang. The portion of the judgment denying the third party demand was not appealed.
[2] The late Scuddy Bourgeois acted as the notary on You'll See's documents of incorporation. Scuddy Bourgeois, as a justice of the peace in Assumption Parish, notarized thousands of documents over the course of many years. However, a search by the Secretary of State did not locate a notarial commission granted to Scuddy Bourgeois. Nevertheless, we will not use Scuddy Bourgeois' possible lack of authority to notarize documents as a factor which may indicate the necessity of piercing the corporate veil in this case.