JaFITZSIMMONS, Judge.
The trial court rendered judgment on September 29, 1992, in favor of the workers’ compensation claimant, John H. Deshau-telles, for Supplemental Earnings Benefits (SEBs). The judgment ordered the employer, South Central Bell (SCB), to pay benefits from September 16, 1986, subject to statutory reductions. The judgment did not specifically calculate the average monthly wage. Penalties and attorney’s fees were denied.
As of June 15, 1994, SCB had not made any payments. On that date, the plaintiff-claimant, Mr. Deshautelles, filed a motion to make the SEB payments executory. Mr. Deshautelles likened the action to a rule to make past due child support or alimony exec-utory. He sought to enforce the judgment rendered in 1992. SCB filed peremptory exceptions raising the objections of res judi-cata and no cause of action. SCB argued that all the issues had been litigated. The 1992 judgment was a definitive judgment.[1] *383 The motion seeking to enforce the judgment was an attempt to relitigate or amend the 1992 judgment. Thus, any relitigation was barred and no cause of action to amend the judgment had been stated in Mr. Deshau-telles’ motion. SCB also filed a reconven-tional demand and asserted that the 1992 judgment was a nullity because it was insusceptible of calculation. The motion, exceptions, and reconventional demand were set for hearing on July 27,1994.
In oral reasons, the trial court denied the exceptions and specifically addressed the nullity of the 1992 judgment. The trial court found that the 1992 judgment was valid. In the judgment denying the exceptions, the trial court reiterated the oral denial of the exceptions, ordered the parties to confer on the amount due under the 1992 judgment, and took remaining issues under advisement, pending a possible resolution by the parties. |3If the parties could not resolve their disagreement over the calculations, the trial court stated that it would appoint a special master to calculate for the court the sum owed.
Writs were taken by SCB on the denial of the exceptions. The writs were denied by both this court, with the notation that we found no error, and the Louisiana Supreme Court.
A special master to assist the trial court was appointed by order of the court signed on October 18, 1994. By check dated December 4, 1995, SCB paid $57,987.60 to Mr. Deshautelles. The court rendered judgment on December 11,1995. The trial court found the average monthly wage to be $2382.20 and ordered SCB to pay $60,658.69, the amount past due through August of 1995, after statutory reductions. SCB was cast for penalties, attorney’s fees, expert fee, legal interest from date of accrual, and all costs of the proceedings.
SCB appealed. SCB complained of the following:
1.The trial court’s 1995 judgment was an absolute nullity because it substantively amends a previous definitive judgment;
2. The trial court erred in failing to find the 1992 judgment was null as requested by SCB in their reconventional demand;
3. The trial court failed to give SCB a hearing on the merits of the reconventional demand and denied SCB the right to traverse the master’s findings on Mr. Deshautelles’ disability and entitlement to benefits; and
4. The calculations of the trial court are not supported by the record.
Mr. Deshautelles answered the appeal. He prayed for sanctions in the form of additional attorney’s fees for SCB’s filing of a frivolous appeal. He objected to the trial court’s calculations of the average monthly wage at the time of the accident, and the amount owed by SCB as past due SEBs.
l4After a thorough review of the record in this protracted case, we find no basis for a reversal of the trial court’s findings. Therefore, we affirm the judgment of the trial court.
SCB argues that the 1992 judgment was a nullity because a sum owed could not be calculated. Because the 1995 judgment enforces the 1992 judgment by ordering a specific sum to be paid, SCB asserts that the 1995 judgment improperly modifies the 1992 judgment. Thus, the 1995 judgment is also a nullity. We find these arguments unpersuasive.
When it appealed the 1992 judgment, SCB did not assign error to the form of the 1992 judgment or to the claimed inability to calculate. SCB had access to the information it needed to calculate the amount owed to Mr. Deshautelles, if it had proceeded in good faith. The formula for the calculation is found in La. R.S. 23:1221(3)(a). SCB’s problem is not an inability to calculate, but a continuing dispute over the information in the disability trial record; that record is the one on which the 1992 judgment is based. However, the facts contained in that record are set; the 1992 judgment is a final, definitive judgment.
The motion by Mr. Deshautelles was not an attempt to modify or amend the 1992 *384 judgment, but an attempt of a party to enforce a previously rendered judgment by the district court. It is clear that SCB would have preferred that Mr. Deshautelles sit and do nothing. However, Mr. Deshautelles had a right to enforce the 1992 judgment. Enforcement of a judgment does not equate to modification of a judgment. SCB, the judgment debtor, had the obligation to pay and, if questioned, explain the calculations to the judgment creditor. See Meche v. Foremost Management Corporation, 95-238, p. 3 (La.App. 3d Cir. 10/4/95); 663 So.2d 325, 327.
Notwithstanding the claim that the 1992 judgment is insusceptible of calculation, SCB submitted a proposed calculation to the trial court. Mr. Deshautelles submitted another. The primary dispute was the amount of the hourly wage | gand how to calculate the average monthly wage, not the inability to calculate. La. R.S. 23:1221(3)(a) and 23:1021(10) provide the formula for SEBs. The trial court found the average monthly wage to be $2382.20. Although we do not have the trial court’s actual calculations, we cannot say that this figure is incorrect for this employee based on the statutory formula. SEB’s are determined using average monthly wages. Average monthly wages are computed as 4.3 times the wages of the employee as defined in LSA-R.S. 23:1021(10). LSA-R.S. 23:1221(3)(a). LSA-R.S. 23:1021(10) defines wages as the “average weekly wage at the time of the accident.” The average weekly wage is determined by multiplying the hourly wage times 40 hours, or the actual hours worked, if more than 40 hours. The inquiry becomes what was the hourly wage at the time of the accident., The hourly wage at the time of accident or injury (the 1992 judgment awarded SEBs from the work related injury on September 16, 1986) was $13.85.[2] By multiplying $13.85 times a 40 hour work week, the weekly wage, at the time of the accident, is computed to be $554. This wage times 4.3, as required by section 1221(3)(a), equals the average monthly wage of $2382.20.
Overtime can be included in the calculation of the average weekly wage if it was included in the actual hours worked four weeks before the injury, but the record must contain evidence of the overtime. La. R.S. 23:1021(10)(a); see Graham v. Georgia-Pacific Corporation, 26,165, p. 16 (La.App.2d Cir. 9/23/94); 643 So.2d 352, 363. The only possible evidence of overtime in the record is Mr. Deshautelles’ paycheck stubs. However, the paycheck stubs do not show that Mr. Deshautelles averaged more than 40 actual hours worked for the four full weeks preceding the September 16 injury. Therefore, under La. R.S. 23:1221(3)(a) and _[^23:1021(10)(a), 40 hours is used for the calculation in the absence of sufficient evidence on overtime.
As to any other calculations of the trial court, we find no basis in the record to dispute the award by the trial court. Exhibit 9, submitted at the 1992 trial, contained the amounts earned by Mr. Deshautelles after the injury from unemployment and a subsequent job. SCB’s calculations for the correct amount of past due SEB’s owed, after any allowable deductions for other wages or benefits paid to Mr. Deshautelles, are based on an incorrect monthly wage and unsupported assumptions of the hours worked after 1990. Mr. Deshautelles asserts the use of improperly admitted evidence as the basis of error for the trial court’s calculation of past due SEB’s, rather than a specific error in the calculations. The record contains no evidence of data allegedly improperly submitted and used by the trial court. Neither party included any alleged calculations by the master or by the trial court in the record. The master was appointed not as an advocate, but merely to assist the trial court. Whether the trial court rendered judgment on its own calculations or relied on the calculations of the master, the result is the same. The trial court made the final decision and rendered judgment, the master is but a judicial assistant in this case. See Whitney National Bank of New Orleans v. Derbes, 436 So.2d 1185, 1192 (La.App. 4th Cir.), writ denied, 441 So.2d 1220 (La.1983), cert. denied, 466 U.S. 938, 104 S.Ct. 1912, 80 L.Ed.2d 460 (1984).
*385 Under Louisiana Code of Civil Procedure articles 2128 and 2129, it is the burden of the appellant, or the party answering the appeal, to provide the court with a basis for the complaint in the form of a transcript, narrative, or evidence. The procedure to request any evidence of calculations or narrative of fact would be the same, regardless of who did the initial calculations. The absence of any evidence, transcript, or narrative is imputable to the one assigning error. Under such | ycircumstances, the trial court is presumed correct. Carter v. Barber Brothers Contracting, Co., Inc., 623 So.2d 8, 10 (La.App. 1st Cir.), writ denied, 629 So.2d 1180 (La.1993); Sea Tang Fisheries, Inc. v. You’ll See Sea Foods, Inc., 569 So.2d 992, 995 (La.App. 1st Cir.1990), writ denied, 572 So.2d 89 (La.1991). Thus, on the record before us, we cannot say that the trial court erred in its calculations of the average monthly wage, or the amount of SEBs owed through August, 1995.
As to SCB’s claim that it was denied a hearing on its reconventional demand, the record evinces otherwise. The reconventional demand and the peremptory exceptions were set for hearing on July 27, 1994, the same day as Mr. Deshautelles’ motion to enforce the 1992 judgment. SCB did not object. It argued to the trial court that the court need not decide the reconventional demand, if the exceptions were granted. However, SCB also argued that Mr. Deshautelles’ attempt to introduce additional evidence at the July hearing as a basis for the correct calculation, proved the primary allegation of the reconventional demand. That is, the 1992 judgment was not susceptible of calculation. At the hearing, both parties were allowed to argue all issues. Both parties argued extensively on how to calculate the SEB’s. The trial court did not limit the hearing to any one proceeding. SCB made no attempt to submit evidence, other than argument, on the issue of nullity. In its oral reasons, the trial court discussed the nullity issue and found the judgment to be valid. SCB did not object to the hearing as being unfair or insufficient on the issue of nullity, or any other issue. Therefore, we fail to see how SCB can claim that the trial court failed to give SCB a hearing.
Although error was not assigned, SCB argues in its brief that penalties and attorney’s fees were not proper because they had already been denied in the 1992 judgment. The trial court awarded penalties and attorney’s fees in the 1995 judgment based Ron SCB’s unreasonable failure to pay SEBs to Mr. Deshautelles from 1992 until 1995. The awards were not based on the failure to pay SEB’s during the initial dispute over Mr. Deshautelles’ disability and the judgment rendered in 1992. La. R.S. 23:1201 allows attorney’s fees and penalties for failure to pay under such circumstances.
The question of whether SCB’s appeal was frivolous is a close call. The one issue that may have caused some genuine dispute between the parties is the calculation of the trial court on the total amount of past due SEBs. The trial court calculated the amount of past due SEBs owed to Mr. Desh-autelles through August, 1995. We affirm the trial court’s award primarily based on the absence of any evidence in the record to support either SCB’s or Mr. Deshautelles’ complaints on the overall award, not on a finding that SCB was clearly wrong in its calculation of past due SEB’s. Because both parties complained, and offered what they appeared to believe were good faith alternative computations, we cannot say that this appeal was completely frivolous.
For these reasons, we affirm the judgment of the trial court. We assess the costs of the appeal to defendant, SCB. Also out of an abundance of caution, we note that SCB owes interest on the total amount awarded in past due benefits only until the partial payment was made. From that date, interest runs only on the balance remaining.
AFFIRMED.

. SCB appealed the 1992 judgment. This court affirmed the trial court judgment. The Louisiana *383 Supreme Court denied the writ taken by SCB.

. Mr. Deshautelles testified that his hourly wage at the time of the last injury was $13.85. This was substantiated by his paycheck. SCB put on no evidence to dispute that amount.